The subscribing witness proved that the bill of sale was given upon the plaintiff becoming surety for Spurlin to one *Page 56 
Wilson for $57, with an agreement that if Spurlin paid the debt to Wilson the property mentioned in the bill of sale should be Spurlin's; that the property was delivered to the plaintiff, and then left by him in the possession of Spurlin. Spurlin paid to Wilson $6 in part of the debt, and the residue, amounting, with the interest, to $56, was paid by the plaintiff, and the value of the property conveyed did not exceed that sum.
On the part of the defendant it was shown that the property continued in the possession of Spurlin from November, 1816, the time when the bill of sale was executed, until August, 1822, when the horse was seized under an execution against Spurlin, at the instance of the defendant, sold and bought by the defendant. It was also proved that in August, 1822, Spurlin having claims upon the plaintiff for work and labor done, and they differing as to the amount due, submitted that question to arbitrators, who assessed the sum due Spurlin at $130, and awarded the payment thereof to him. Spurlin afterwards assigned his interest under this award to one McEntire, who sued Howell in the name of Spurlin, and collected the money.
The presiding judge instructed the jury that possession being retained by Spurlin was not in itself a fraud, but was presumptive evidence of fraud, as was also the circumstance of taking a bill of sale absolute on its face, when a security for a debt was only intended; but that both were capable of being explained, and the presumption thence arising repelled by other facts and circumstances, that if the transaction was bona fide the plaintiff's title was not affected by the arbitration, for he was (78) not bound to set off his claim in the action brought on the award; and that the plaintiff was not precluded from showing the consideration on which the bill of sale was founded, though it was not stated on the face of the bill of sale.
Under these directions the jury found a verdict for the plaintiff; and a motion for a new trial on the ground of misdirection having been overruled, and judgment rendered on the verdict, the defendant appealed.
The case was submitted without argument by Manly for the plaintiff, no counsel appearing on the other side.
Whatever of fraud may have been designed or practiced in this case was fairly left to the jury; they have passed upon it, and it is not within the limits of our duty to review their decision.
The title to the horse in question passed by the bill of sale to the plaintiff. Whether the levy and sale took place before or after the arbitration between the plaintiff and Spurlin does *Page 57 
not appear. If before, certainly the defendant could derive no right from the purchase made by him at that sale; if after, the result must be the same, for it appears (viewing the bill of sale as a mortgage) that the debt it was given to secure has not been paid or satisfied. I therefore think the rule for a new trial should be discharged.
Judgment affirmed.
Approved: Isler v. Foy, 66 N.C. 547.
(79)